IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| PNC BANK, National Association, ) | |
| ) | C.A. No. 12-CV-2686-CMC |
| Plaintiff, ) | |
| ) | |
| v. ) | OPINION AND ORDER |
| ) | ON MOTION TO DISMISS |
| TIMOTHY L. CRIPPS; BERNIE LELAND ) | |
| SHEALY; HENRY B. HUFF; ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Defendants' motion to dismiss, abstain or remand. Dkt. No. 14. This motion is denied in part and reserved in part. The court will address the remaining issue after an anticipated state court ruling on a motion to dismiss Defendants from a related state court action.

**Remand.** The suggestion that this court should "remand" this matter to state court is denied. This matter was filed as an original action in this court, not removed from state court. It follows that remand is not a possibility regardless of the merits of Defendants' other arguments.

**Venue Provision.** To the extent Defendants rely on the venue provision in the Guaranties on which this action is based, their motion is denied. The plain language of the venue provision is permissive rather than exclusive, vesting the right to invoke the provision in Plaintiff (the "Lender"): "**Choice of Venue.** If there is a lawsuit, Guarantor agrees *upon Lender's request* to submit to the jurisdiction of the courts of Richland County, State of South Carolina." See Dkt. No. 17-1 at 2 (emphasis in italics added).

Given this conclusion, the court need not decide whether the reference to "the courts of Richland County, State of South Carolina" would include a federal court sitting within or whose

jurisdiction covered the specified county. Likewise, the court need not decide whether Guarantors have waived any right they might otherwise have had to enforce the venue provision by failing to raise the issue in the state court action.

**Abstention.** Defendants' last argument rests on the premise that there is a parallel state action pending against them.[1] They argue that, in light of this parallel action, the court should abstain under the doctrine announced in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). Under the *Colorado River* doctrine, the court considers the following six factors: (1) whether the subject matter of the litigation involves property where the first court may assume *in rem* jurisdiction to the exclusion of others; (2) whether the federal forum is an inconvenient one; (3) the desirability of avoiding piecemeal litigation; (4) the relevant order in which the courts obtained jurisdiction and the progress achieved in each action; (5) whether state law or federal law provides the rule of decision on the merits; and (6) the adequacy of the state proceeding to protect the parties rights. *Id.* at 813.

The parties disagree as to how these factors should weigh in the present action. They also disagree as to the threshold issue of whether there is a pending parallel state proceeding. This threshold issue is the subject of a motion currently pending in the state court which is apparently set for hearing on November 15, 2012. This court declines to rule on abstention until the state court renders its decision. The court does, however, note that dismissal of these Defendants from the state court action (whether by new ruling or confirmation of prior order) would necessarily defeat Defendants' abstention argument. The court further notes that abstention under the *Colorado River*

---

[1] Defendants initially asserted but have withdrawn an argument that the state court action was previously dismissed *with* prejudice.

2

doctrine requires a substantial showing which Defendants have made only a minimal effort to satisfy to this point. *See* Dkt. No. 14 at 6 (addressing four of six factors in largely boilerplate language).

WHEREFORE, the court denies Defendants' motion to dismiss except to the extent based on the *Colorado River* doctrine. As to that doctrine, the court defers ruling and will require the parties to file a status report no later than the *earlier* of December 10, 2012, or seven days following the state court's ruling on pending motion to dismiss, addressing the state court's ruling or status of the motion. The parties may but are not required to file supplemental memoranda addressing the relevant factors at that time.[2]

IT IS SO ORDERED.

s/ Cameron McGowan Currie<br>CAMERON MCGOWAN CURRIE<br>UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 14, 2012

---

[2] If the state court has not ruled, the parties shall advise the court what further action remains to be taken in state court and their best estimate of when a ruling might issue.